UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK DANIEL VESS II,

              Petitioner,

     v.

DONALD HOLBROOK,

              Respondents.

CASE NO. 3:17-cv-05700-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  MARCH 2, 2018

       The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner Jack Daniel Vess II filed the petition pursuant to 28 U.S.C. § 2254.

       Petition asks that his convictions for rape and incest be overturned because he was allegedly convicted based on insufficient evidence. However, petitioner filed his habeas petition well outside the one-year statute of limitations. Further, he cannot demonstrate the extraordinary circumstances required to apply equitable tolling and excuse his untimeliness, nor has he made a

1   showing that he is actually innocent, thus excusing his late filing. Therefore, the Court

2   recommends plaintiff's habeas petition be denied as untimely.

3                     **BASIS FOR CUSTODY and PROCEDURAL HISTORY**

4          Petitioner was convicted by a jury of second-degree rape (domestic violence related) and

5   first-degree incest (domestic violence related). Dkt. 8-1 at 2. Pursuant to Washington's persistent

6   offender statute, he was sentenced to life imprisonment without the possibility of release and is

7   currently incarcerated in the Washington State Penitentiary. *Id*. at 7.

8          After he was convicted, petitioner filed a direct appeal. Dkt. 8-1 at 38. The Washington

9   Court of Appeals denied plaintiff's appeal, and petitioner sought review from the Washington

10  Supreme Court. *Id*. at 17, 126. That court summarily denied review and his judgment became

11  final on July 13, 2011. *Id* at 173. Petitioner then filed a personal restraint petition on July 11,

12  2012, which the Washington Court of Appeals also denied. Dkts. 8-2 at 2, 170. Petitioner sought

13  discretionary review from the Washington Supreme Court, which was similarly denied. Dkts 8-3

14  at 182, 227. That decision became final on January 29, 2015. *Id*. at 235. Petitioner filed this

15  habeas petition over two years later -- in August of 2017. Dkt. 1.

16                                  **DISCUSSION**

17  **I.      Timeliness of Habeas Petition**

18         Respondent claims that petitioner filed his habeas petition well after the statute of

19  limitations expired.  The Antiterrorism and Effective Death Penalty Act established a statute of

20  limitations for petitions filed by prisoners challenging their custody under a state court judgment

21  and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24,

22  1996, a petitioner has one year from "the date on which the judgment became final by conclusion

23  of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

24

2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, if a case could be appealed to the Supreme Court, the statute of limitations begins to run when the 90 days to seek certiorari expires. *Id*. at 1159. However, the judgment becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

Here, petitioner filed his petition well after the one-year statute of limitations. Petitioner did file a direct appeal. Dkt. 8-1 at 17, 38, 76. The filing of that appeal placed a hold on the running of the statute of limitations while petitioner's case remained in state court. *See* 28 U.S.C. § 2244(d)(2). Petitioner's judgment became final when the Washington Supreme Court denied review on July 13, 2011. *Id*. at 173. Thus, the statute of limitations began running 90 days later, on October 11, 2011, once the window to submit a timely request for a writ of certiorari with the Supreme Court had closed. Petitioner next filed a personal restraint petition on July 11, 2012, again placing a holding on the running of the statute of limitations. Dkt. 8-2 at 2. At this point, petitioner had used 274 days out of his one year. The statute of limitations did not begin running again until January 29, 2015, after the Court of Appeals denied petitioner's personal restraint petition and the Washington Supreme Court denied review, issuing a certificate of finality. Dkt. 8-3 at 170, 227, 235. The statute of limitations then ran until it expired 91 days later, on April 30, 2015. However, petitioner did not file this habeas petition until August of 2017, well after the expiration. Because of this, petitioner's habeas petition is untimely.

**II.      Equitable Tolling**

The statute of limitations may be subject to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To gain the benefit of equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003). *See Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir. 2002) (petitioner bears the burden of establishing his entitlement to equitable tolling).

Here, petitioner has not alleged that some extraordinary circumstance prevented him from filing his habeas petition on time and the Court can discern no evidence of one. Rather, petitioner argues that he has made a showing of actual innocence excusing his untimely filing. *See* Dkt. 11 at 1-2. Though he has presented evidence that some testimony at trial was contradictory, he has not shown that no reasonable juror could have convicted him as required for a claim of actual innocence. *Schlup v. Delo*, 513 U.S. 198, 327 (1995). Further, he bases much of his argument in his response on the Washington statute dictating the time limits on personal restraint petitions. However, this Court's duty is to determine whether a state court unreasonably applied federal law, not to reexamine a state court's determination of state law. *See Williams v. Taylor*, 529 U.S. 362 (2000). Because of this, petitioner has not demonstrated an extraordinary circumstance to excuse the untimeliness of his habeas petition. Therefore, the Court recommends granting respondent's motion and dismissing petitioner's habeas petition.

**III.    Additional Grounds**

Because petitioner has not brought this petition in a timely manner, the Court declines to address his habeas petition on the merits. In addition, because the Court has already recommended the petition be denied as untimely, the Court declines to address respondent's argument in the alternative that petitioner has not exhausted his state court remedies.

**CERTIFICATE OF APPEALABILITY**

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**CONCLUSION**

For the reasons stated above, the Court recommends respondent's motion to dismiss (Dkt. 8) be granted and that petitioner's habeas petition be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

1    of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

2    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

3    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4    **March 2, 2018**, as noted in the caption.

5        Dated this 2nd day of February, 2018.

6

7    _____
     J. Richard Creatura

8    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24